**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 9 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 17-10347 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01544-RCC-LCK-1 |
| v. | |
| ANGELA LORRAINE VENTURA | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Argued and Submitted December 19, 2018
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and BLOCK,[**] District Judge.

Angela Lorraine Ventura appeals her convictions and sentence for

conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §

846, possession with intent to distribute marijuana in violation of 21 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

1

§§ 841(a)(1), (b)(1)(D), and high speed flight from a checkpoint in violation of 18 U.S.C. § 758. Prior to trial, Ventura filed an unsuccessful motion to suppress, in which she asked the trial court to dismiss all charges or alternatively, suppress all evidence obtained as fruits of an illegal investigatory stop. After the government rested and again after the jury rendered its verdict, Ventura unsuccessfully moved for acquittal on the marijuana charges, arguing that there was insufficient evidence tying her to the drugs recovered by the border patrol. Ventura appeals the denial of the suppression motion and the motion for acquittal. We affirm.

First, the district court did not err in denying her motion to suppress. *See United States v. Kim*, 25 F.3d 1426, 1430 (9th Cir. 1994) ("Whether an encounter between an individual and law enforcement authorities constitutes an investigatory stop is a mixed question of law and fact subject to de novo review."). Ventura concedes that her five-minute interaction with a border patrol agent began consensually. After she responded to the agent's initial question, the agent got out of his car and as she continued walking, asked her more questions. He did not instruct Ventura to stop or otherwise manifest a show of authority. *See Nelson v. City of Davis*, 685 F.3d 867, 875 (9th Cir. 2012) ("A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer by means of physical force or show of authority terminates or restrains his freedom of movement through means intentionally

2

applied." (quoting *Brendlin v. California*, 551 U.S. 249, 254 (2007))).  Without more, this interaction did not amount to a stop.  *See Michigan v. Chesternut*, 486 U.S. 567, 575 (1988) (holding that a brief acceleration of the police vehicle, followed by a drive alongside a pedestrian, does not constitute a stop).

Second, once Agent Doty arrived, there was an investigatory stop, but there was then reasonable suspicion justifying the brief detention.  Agent Doty knew that two women in a truck had not obeyed an order to proceed to secondary inspection at the border, and he recognized one of the two individuals walking along the road as the passenger in the truck. Those additional facts are sufficient to give rise to reasonable suspicion.

Third, in reviewing the sufficiency of the evidence, we must view the evidence "in the light most favorable to the prosecution [and affirm if] *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. White Eagle*, 721 F.3d 1108, 1113 (9th Cir. 2013) (internal citations omitted, emphasis in original).  A rational trier of fact could have found beyond a reasonable doubt that Ventura possessed the bricks of marijuana that border patrol agents recovered on the highway in an area close to where they had last seen Ventura's truck.  Border patrol knew from the dog's alert that that some sort of contraband had likely been in the truck. That the truck sped off at very high speeds, rather than stopping as ordered, confirmed the likelihood

3

that there was contraband in the vehicle. The abandonment of the truck and absence of any contraband in the truck when it was found are further confirmation that Ventura and the passenger were intent on severing any connection between them and the truck that the dog alerted to as likely containing contraband. Furthermore, the fact that border patrol agents had not previously found such marijuana bricks on the road—bricks that were somewhat scuffed—confirmed the likelihood that the individuals most recently known likely to be carrying contraband in the area and whose vehicle now had no contraband were responsible for tossing the bricks onto the road.

Although the bricks did not have Ventura's or her passenger's fingerprints on them, the element of possession can be satisfied by constructive possession, which requires only the power to dispose of the drug. *United States v. Lemus*, 847 F.3d 1016, 1020 (9th Cir. 2016). Similarly, a rational trier of fact could have found beyond a reasonable doubt that the amount of marijuana recovered—more than 30 pounds—was intended for distribution and not personal use, especially in light of how it was packaged. Finally, a rational trier of fact could have found beyond a reasonable doubt that a conspiracy took place when the two individuals were driving in the truck and avoiding police. *See, e.g.*, *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009) ("Express agreement is not required; rather, agreement may be inferred from conduct." (quoting *United States v. Hegwood*, 977

4

F.2d 492, 497 (9th Cir. 1992))).

**AFFIRMED.**